IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GULF STATES AIRCRAFT SALES,      )
LLC, SOUTHTEC AVIATION, LLC      )
and ERROL BADER,                 )
                                 )
   Plaintiffs/Counterclaim Defendants,      )
                                 )
           v.                    )                1:21cv527
                                 )
AIRPLANE HOLDING, LLC and        )
MICHAEL ZIMMERMAN,               )
                                 )
   Defendants/Counterclaim Plaintiffs.      )

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Remand to state court filed pursuant to 28 U.S.C. § 1447(c), by Plaintiffs Gulf States Aircraft Sales, LLC, SouthTec Aviation, LLC, and Errol Bader. (ECF No. 7.) For the reasons stated below, Plaintiffs' motion will be granted.

## I.      BACKGROUND

Plaintiffs initiated this action against Defendants Airplane Holding, LLC, and Michael Zimmerman in the North Carolina General Court of Justice, Superior Court Division, Rowan County, on May 21, 2021. (ECF No. 3.) Plaintiffs seek damages from "Defendants in an amount in excess of $60,000.00": $10,000.00 for their Breach of Contract claim and $50,000.00 for their Unjust Enrichment claim. (*Id.* at 8–10.) Defendants were served with a copy of the Summons and Complaint through FedEx delivery on May 25, 2021. (ECF No. 1-2 at 2, 5.)

Defendants on June 24, 2021, filed in state court their Motion to Dismiss, Affirmative Defenses, Answer and Counterclaims. Defendants assert five counterclaims based on state

law against Plaintiffs: (1) Breach of Contract, (2) Negligence, (3) Negligent Misrepresentation, (4) Fraudulent Misrepresentation/Fraudulent Omission, and (5) Violation of North Carolina Unfair Trade Practices Act. (ECF No. 6 at 12–17.) Defendants seek in excess of $150,000 for counterclaims 1 through 4, and treble damages for counterclaim 5. (*Id.* ¶¶ 57, 62, 73, 82, 89.) On June 25, 2021, 31 days after being served with the Summons and Complaint, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (ECF No. 1 at 1.) Plaintiffs subsequently filed this Motion to Remand on July 13, 2021. (ECF No. 7.)

## II.    LEGAL STANDARDS

In a removal case, the removing party has the burden to demonstrate that a federal court has subject-matter jurisdiction over the case. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must strictly construe its removal jurisdiction and, if jurisdiction is doubtful, remand is necessary and required. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).

The removal of civil cases to this Court is governed, in large part, by §§ 1441 and 1446. Under § 1441, the defendants to a civil action may remove an action to federal district court if that district court would have had "original jurisdiction" over the action. § 1441(a). Because a removing defendant must establish that the district court has "original jurisdiction" under § 1441(a), the critical inquiry is "whether [the] claim could have been brought originally in federal district court." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (quoting *King v. Marriott*

Case 1:21-cv-00527-LCB-LPA   Document 16   Filed 01/03/22   Page 2 of 7

*Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003)).  A federal district court has original diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  § 1332(a); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) ("Congress empowered federal district courts to adjudicate civil actions between citizens of different States where the amount in controversy exceeds $75,000." (internal quotations omitted)).  These same prerequisites apply when a case has been removed on the basis of diversity jurisdiction.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014) ("When removal is based on diversity . . . [the] amount-in-controversy requirement must be met.").  The defendant as the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (alteration in original) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *see also* § 1446(c)(2)(B).

## III.   DISCUSSION

Here, the parties to this action agree that the parties are diverse and the amount in controversy alleged in Plaintiffs' Complaint does not satisfy the $75,000 threshold amount necessary to confer diversity jurisdiction pursuant to § 1332(a).  Nor does Defendant contend that Plaintiffs have asserted the amount in controversy in their Complaint in bad faith. Rather, in their Petition for Removal, Defendants argue that removal is proper because the damages that Defendants pleaded in their "compulsory counterclaims exceed the amount in controversy prerequisite to federal diversity jurisdiction."  (ECF No. 13 at 9; *see also* ECF No. 1 at 3–5.)   Plaintiffs, on the other hand, argue that removal is improper because: (1) "Defendants failed to timely file the Petition for Removal"; (2) "By filing the Answer without

3

the timely Removal in state court, Defendants waived the right to Petition this Court for Removal"; and (3) "Removal based upon counterclaims is improper." (ECF No. 7 at 1.)

While the Supreme Court nor the Fourth Circuit has squarely addressed the issue of whether a compulsory counterclaim can serve as the basis for removal of a civil case to this Court, based on the express language of § 1446(c)(2) and the Court's recent ruling in *Home Depot USA, Inc. v. Jackson*, Defendants have failed to meet their burden of establishing by a preponderance of the evidence that this Court has subject matter jurisdiction over this action. 139 S. Ct. 1743, 1748, *reh'g denied*, 140 S. Ct. 17 (2019).

Under § 1446(c)(2) when establishing diversity jurisdiction in a removal case, the amount in controversy is determined by "the sum demanded in good faith in the initial pleading." § 1446(c)(2). The amount claimed in the complaint controls, unless it appears to a legal certainty, from the face of the complaint, that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *see also Owens*, 574 U.S. at 84 (citing § 1446(c)(2)) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy." (internal quotations omitted)); *Francis*, 709 F.3d at 367.

Further, while the facts in *Home Depot* are distinguishable from the facts before this Court, the analysis of the removal statutes and corresponding law is instructive. *See Lett v. Hawkins*, 518 F. Supp. 3d 891, 895 (D.S.C. 2021). The United States Supreme Court made clear that § 1441(a) "*does not permit removal based on counterclaims at all*, as a counterclaim is *irrelevant* to whether the district court had 'original jurisdiction' over the civil action." *Home Depot*, 139 S. Ct. at 1748 (emphasis added). The Court also clarified that "the 'civil action . . . of which

Case 1:21-cv-00527-LCB-LPA    Document 16    Filed 01/03/22    Page 4 of 7

the district cour[t]' must have 'original jurisdiction' is the action *as defined by the plaintiff's complaint*," not as defined by a counterclaim. *Id.* (emphasis added) (alteration in original). In addition, the Court reenforced, that it "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* (citing *Mexican Nat. R. Co. v. Davidson*, 157 U.S. 201, 208 (1895); *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 461 (1894)). This, according to the Court, "requires a district court to evaluate whether Plaintiff could have filed its operative complaint in federal court." *Id.*

In light of the express language of the removal statutes and the Supreme Court's ruling in *Home Depot*, this Court finds the cases and other authority cited by Defendants are neither dispositive nor persuasive on the question to be answered here. (*See, e.g.*, ECF No. 13 at 7 (citing *Hudson Constr. Co. v. Dillingham Constr. Co., Inc.*, 169 Fed. App'x 769, 2006 WL 525544, *1 (4th Cir. 2006) (permitting the use of counterclaims for satisfying the amount in controversy outside the removal context).) Because Defendants have failed to meet their burden of establishing that this action is one over which the Court has subject matter jurisdiction, remand is necessary.

Accordingly, this Court concludes that it lacks original jurisdiction over this action, and therefore, it shall be remanded to state court. The Court, having found that it does not have original jurisdiction, need not address Plaintiffs' remaining arguments.

## IV.    ATTORNEY FEES AND COSTS

Plaintiffs request that if the action is remanded, the Court award attorneys' fees and costs "incurred by Plaintiffs as a result of the improper removal" pursuant to 28 U.S.C.

§ 1447(c).  (ECF No. 7 at 4.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c).  However, it is within the Court's discretion whether the award of attorney fees is appropriate, and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  An objectively reasonable basis likely exists where a legal argument is "supported by a limited basis of authority and is at least colorable."  *Butler v. N.C. Dep't of Transp.*, 154 F. Supp. 3d 252, 255 (M.D.N.C. 2016).

Here, Defendants improperly removed this action based on the erroneous belief that the amount of damages alleged in their counterclaims could satisfy the prerequisite for amount in controversy for this Court to have original jurisdiction.  As outlined in the previous section, an examination of Supreme Court precedent, relevant Fourth Circuit cases and the removal statutes reveals that Defendants' basis was not objectively reasonable, nor was their cited authority compelling, persuasive, and at times, relevant.

For these reasons, Plaintiffs' requests for attorneys' fees and costs will be granted.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that because this Court lacks subject matter jurisdiction over this action, the action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Rowan County, North Carolina.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is **GRANTED.** Plaintiffs shall file their request and documentation of fees and costs within 14 days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this action upon remand.

This the 3rd day of January 2022.

/s/ Loretta C. Biggs
United States District Judge